```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Dewayne R. Clubb**

   v.                                    Civil No. 16-cv-370-PB
                                         Opinion No. 2017 DNH 010
**Southern New Hampshire Health System**

### **O R D E R**

Dewayne Ray Clubb has sued Southern New Hampshire Health System for injunctive relief and damages.  Construed generously, his complaint asserts a claim under Title III of the Americans with Disabilities Act ("ADA").  Southern New Hampshire Health System has responded with a motion to dismiss contending that Clubb's damages claim must be dismissed because damages are not authorized under Title III of the ADA.  The defendant also contends that Clubb does not have standing to seek injunctive relief.

Southern New Hampshire Health System is correct in claiming that damages are not available to a private plaintiff suing under Title III of the ADA.  See Goodwin v. C.N.J., Inc., 436 F.3d 44, 50 (1st Cir. 2006).  Accordingly, Clubb's claim for damages is dismissed.

To be entitled to injunctive relief for a violation of Title III of the ADA, an injured plaintiff must demonstrate a "real and immediate threat of repeated injury." Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014) (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)); accord Disabled Ams. for Equal Access v. Ferries Del Caribe, Inc., 405 F.3d 60, 64-65 (1st Cir. 2005). Clubb makes no claim that he is likely to again visit the facility where this unfortunate series of events occurred. Nor does he make any claim that the defendant's conduct was anything more than a one-time occurrence that is unlikely to be repeated if he were to seek treatment there again in the future. Under these circumstances, Clubb has not pleaded facts that are sufficient to establish his standing to sue.

Defendant's motion to dismiss (doc. no. 3) is granted. In an accompanying order, I deny Clubb's motion to amend (doc. no. 7). The clerk is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 17, 2017

cc:  Dewayne R. Clubb, pro se
     Marrielle B. Van Rossum, Esq.
     Beth G. Catenza, Esq.